UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Sami Mina,                                          Bankruptcy Case No. 20-20004-PRW
                                                                    Chapter 7
                          Debtor,

_____

    Kenneth W. Gordon,
            *as Trustee in Bankruptcy for Sami Mina*,

                      Plaintiff,

              vs.                                         Adversary Proceeding No. 21-02013-PRW

I.M.V. 1290,
Imburgia Brothers Holdings, LLC,
JEV 1290, LLC,
Frank S Imburgia, Jr.,
James E Verdi,
SGMINA Holding, LLC,
Pomodoro Grill,
SAHA Med Grill of University Avenue, Inc.,

                      Defendants.
_____


**DECISION AND ORDER
DENYING MOTION TO DISMISS COMPLAINT**

PAUL R. WARREN, U.S.B.J.

      The Chapter 7 Trustee brought this adversary proceeding to attempt to avoid the transfer of a membership interest in a limited liability company, I.M.V. 1290, LLC ("IMV"), to the remaining members of IMV. The transferor of the membership interest was not the Debtor, however, it was SGMINA Holding, LLC ("SGMINA")—a limited liability corporation in which the Debtor owned a 100% interest. So, the transferred membership interest was not an asset of the Debtor's bankruptcy estate. Consequently, the Trustee encountered a standing problem. To skirt that problem and

acquire standing to challenge the transfer by SGMINA to IMV (and the other non-debtor defendants), the Trustee included a cause of action seeking to substantively consolidate the assets and liabilities of SGMINA with those of the Debtor.

IMV[1] responded to the Trustee's Complaint with a motion to dismiss under Rule 12(b)(6) FRCP, arguing that the Trustee's Complaint fails to state a cause of action for which relief can be granted. And, going for a knock-out punch, IMV requests that the Complaint be dismissed "with prejudice."

For the reasons that follow, the Court finds that the Trustee has adequately pled the claims for substantive consolidation and fraud (both actual and constructive) to survive IMV's motion to dismiss. The motion to dismiss is **DENIED**. IMV is directed to serve and file its answer to the Complaint within 21 days of the date of this decision.

## I.
## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and 157(a) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

## II.
## ISSUE

The question to be answered is whether the Trustee has adequately pled the cause of action seeking substantive consolidation of the assets and liabilities of SGMINA with the those of the

---

[1] "IMV" is used by the Court to denote all of the non-debtor related defendants: I.M.V. 1290; Imburgia Brothers Holdings, LLC; JEV 1290, LLC; Frank S Imburgia, Jr. and James E Verdi.

Debtor and the cause of action alleging actual and constructive fraud to survive IMV's motion to dismiss under Rule 12(b)(6) FRCP. As the Court sees it, the answer is yes.

### III.

### FACTS[2]

IMV was formed in 2010. (ECF AP No. 1 ¶ 20). The Debtor owned a one-third interest in IMV since its formation. (*Id.* at ¶ 15). In 2012, IMV purchased real property located at 1290-1300 University Avenue in Rochester, consisting of nearly 3 acres on which was located a mixed-use building with 34,000 square feet of useable space, available for commercial leasing. (*Id.* at ¶¶ 21-22). By 2014, the property was worth more than $4.0 million according to an appraisal performed for Canandaigua National Bank. (*Id.* at ¶¶ 23-24). The Debtor caused improvements to be made to the property after 2014, increasing its value. (*Id.* at ¶ 26).

In May 2017, SGMINA was created by the Debtor for the sole purpose of transferring his one-third interest in IMV to SGMINA, so that it would no longer be held in the Debtor's name. At the time of that transfer, creditors of the Debtor were closing in on him. By January 1, 2018, the Debtor was insolvent, and numerous creditors had commenced civil actions against the Debtor and his business entities. (ECF AP No. 1 ¶¶ 35, 37). As a result of their history of business dealings with the Debtor, the IMV defendants knew of the Debtor's financial difficulties and the growing number of creditor lawsuits.

---

[2] The facts are gleaned from the Complaint. The Court is required to accept those facts as true, in ruling on the motion to dismiss under Rule 12(b)(6) FRCP. *Madej v. Yale Univ.*, Case No. 21-353, 2022 U.S. App. LEXIS 6197, at *2 (2d Cir. Mar. 10, 2022) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3

In October 2018, after the Debtor transferred his ownership interest in IMV to SGMINA, the IMV defendants entered into an agreement with SGMINA by which SGMINA sold its one-third ownership interest in IMV to IMV. (ECF AP No. 1 ¶¶ 42-44). The purchase price paid by IMV for SGMINA's one-third interest was $300,000, an amount the Trustee alleges was far less than that interest was worth. (*Id.* at ¶¶ 40-54). The Complaint alleges, and the Court must accept as true, that the transfer took place within two years of the Debtor's bankruptcy petition being filed, was transferred for less than reasonably equivalent value, rendered SGMINA and the Debtor insolvent, and that the IMV defendants participated in the transfer of the Debtor's interest in IMV, through SGMINA, with the intent to assist the Debtor in hindering, delaying or defrauding his creditors.

Because the one-third interest in IMV was transferred by SGMINA, its owner at the time of transfer, the Trustee has a standing problem. Why? That one-third interest in IMV belonged to SGMINA, not the Debtor, so it was not an asset of the bankruptcy estate on the date that SGMINA transferred it back to IMV. To avoid this problem, the Trustee included a cause of action in the Complaint seeking to substantively consolidate the assets and liabilities of SGMINA with those of the Debtor. The Complaint alleges that SGMINA (and all of the other Mina entity defendants) were operated by the Debtor as a single economic unit and that the IMV defendants, all of whom are creditors of the Debtor, did not rely on their separate corporate identities in extending them credit. (ECF AP No. 1 ¶¶ 79-84). The Complaint alleges that the Debtor treated SGMINA (and the other Mina entities) as a mere extension of himself, transferring funds among the entities and to his personal accounts and paying business debts and personal debts out of whichever account suited his needs. (*Id.*).

4

# IV.

# DISCUSSION

A. <u>**Motions to Dismiss Under Rule 12(b)(6) FRCP—Legal Standard**</u>

When considering a motion under Rule 12(b)(6) FRCP, seeking dismissal of a complaint for failure to state a claim upon which relief can be granted, the Court must accept factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The Court must draw reasonable inferences from the complaint in favor of the plaintiff, in determining whether the plaintiff provides "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016); *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010); *see also Wacker v. JP Morgan Chase & Co.*, No. 16-2482-cv (L), 2017 U.S. App. LEXIS 1763, at *2 (2d Cir. Feb. 1, 2017). A complaint is plausible on its face when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While the facts alleged in a complaint may turn out to be "self-serving and untrue," "a court at this stage of [a] proceeding is not engaged in an effort to determine the true facts. The issue is simply whether the facts the plaintiff alleges, if true, are plausibly sufficient to state a legal claim." *Columbia Univ.*, 831 F.3d at 48. Further, the court should not consider facts outside the "four corners of the complaint, the documents attached to the complaint as exhibits, and

5

any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).[3]

B. **The Trustee Has Adequately Pled a Cause of Action for Substantive Consolidation**

To ensure that he has standing to pursue a fraudulent conveyance cause of action against the IMV defendants, the Trustee's first cause of action in the Complaint seeks, as a remedy, to substantively consolidate the assets and liabilities of SGMINA with those of the Debtor.[4] It appears that if the Trustee is ultimately unsuccessful on this cause of action, he may find it difficult to pursue the fraudulent conveyance action against the IMV defendants. But, that is a question for another day. The question for today is whether the Trustee pled enough facts to survive a motion to dismiss under Rule 12(b)(6) FRCP. He did.

In the Second Circuit, to plead a cause of action for substantive consolidation, a plaintiff must allege sufficient facts showing either: "(i) the operational and financial affairs of the entities to be consolidated are so entangled that the accurate identification and allocation of assets and liabilities cannot be achieved, or (ii) creditors dealt with the entities as a single economic unit and did not rely on their separate identities in extending credit." *In re Verestar, Inc.*, 343 B.R. 444, 462-63 (Bankr. S.D.N.Y. 2006) (citing *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2d Cir. 1988)). And, "it is assumed that in an appropriate case, it would be possible for the bankruptcy

---

[3] The IMV defendants attached voluminous documents to the motion to dismiss, going far beyond those attached to the Complaint. Under Rule 12(d) FRCP, unless excluded by the Court, the Court would be required to treat the IMV motion as a motion for summary judgment under Rule 56 FRCP. At oral argument, the Court expressly excluded the documents attached to the motion from consideration, as permitted by Rule 12(d) FRCP.

[4] The Trustee includes Pomodoro Grill, Inc., and Saha Med Grill of University Avenue, LLC, as "Mina entity" defendants in the substantive consolidation cause of action, perhaps as belt-and-suspenders pleading. (ECF AP No. 1 ¶ 96). It appears that SGMINA Holding, LLC, is the true target of the first cause of action.

6

court to substantively consolidate debtor and non-debtor entities." *Verestar*, 343 B.R. at 463 (citing *In re United Stairs Corp.*, 176 B.R. 359, 368 (Bankr. D.N.J. 1995); *In re Alico Mining, Inc.*, 278 B.R. 586, 588 (Bankr. M.D. Fla. 2002)).

Here, the IMV defendants are creditors of the Debtor and of the "Mina entity" defendants, including SGMINA. The Complaint alleges that the IMV defendants dealt with the Debtor, Sami Mina, and the "Mina entities" as an interchangeable, single economic unit in their financial dealings, including the extension of credit. (*See* ECF AP No. 1 ¶¶ 16-18, 42, 58, 71-72). Focusing on the transaction that the Trustee asserts to be a fraudulent transfer, that being the redemption of SGMINA's membership interest in IMV, the Complaint alleges that the $300,000 redemption price (owed to SGMINA) was reduced by approximately $110,000, to enable IMV to recover past-due rent owed by Pomodoro and Saha (separate legal entities solely owned by the Debtor). (*Id.* at ¶¶ 48-55). The defendants contend that SGMINA's membership interest was further discounted by IMV to reflect that the Debtor, individually, was being released from his obligations under a mortgage on the IMV property.

The facts alleged in the Complaint, taken as true in disposing of the defendants' motion to dismiss, state a claim for the substantive consolidation of the non-debtor Mina entities with the Debtor, detailing the manner in which the IMV defendants treated the Debtor and the Mina entities as one economic unit in their financial transactions.

**C. The Trustee Has Adequately Pled a Cause of Action for Actual and Constructive Fraud**

1. *Actual Fraud*

The Trustee's second cause of action sounds in fraud under 11 U.S.C. § 544(b) and § 548(a)(1) of the Code and Article 10 of New York Debtor and Creditor Law. (*See* ECF AP No. 1 ¶ 97). The Trustee seeks to set aside that transfer of the SGMINA interest in IMV. Under

7

§ 548(a)(1) a trustee can avoid an actual or constructively fraudulent transfer made by the debtor within two years before the filing of the bankruptcy petition. The IMV defendants assert that the second cause of action should be dismissed for failing to plead actual fraud with specificity, under Rule 9(b) FRCP, and for failing to plead constructive fraud, under Rule 8(a) FRCP.

Rule 9(b) FRCP and Rule 7009 FRBP establish a heightened pleading standard for claims alleging intentional fraud—such as claims brought under NYDCL § 276. *In re Bernard L. Madoff Inv. Secs. LLC*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011) (citing *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 106–07 (S.D.N.Y. 2004); *In re Andrew Velez Constr., Inc.*, 373 B.R. 262, 269 (Bankr. S.D.N.Y. 2007)). The plaintiff must "state with particularity the circumstances constituting fraud or mistake." Rule 9(b) FRCP. To identify these circumstances with the particularity required by Rule 9(b) FRCP, "a party must ordinarily allege: (1) the property that was conveyed; (2) the timing and, if applicable, frequency of the transfer; and (3) the consideration paid for the transfer." *Bernard L. Madoff Inv. Secs. LLC*, 454 B.R. at 329 (citing *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002)); *see also In re Geltzer*, 502 B.R. 760, 769 (Bankr. S.D.N.Y. 2013); *In re Arbco Capital Mgmt., LLP*, 498 B.R. 32, 40 (Bankr. S.D.N.Y. 2013). The "particularity requirement" for claims alleging actual fraud serves three purposes: "(1) enabling a defendant to identify the allegedly fraudulent behavior in order to mount a defense with regard to those actions; (2) protecting the defendant by prohibiting a complainant from making character-damaging allegations that have no basis in provable fact; and (3) reducing the number of strike suits." *In re Saba Enters., Inc.*, 421 B.R. 626, 641 (Bankr. S.D.N.Y. 2009); *see also Geo-Grp. Commc'ns, Inc. v. Chopra*, No. 15 Civ. 1756 (KPF), 2016 U.S. Dist. LEXIS 11808, at *15 n.3 (S.D.N.Y. Feb. 1, 2016).

While Rule 9(b) requires that a plaintiff alleging actual fraud identify with particularity the facts and circumstances giving rise to the claim, the element of intent may be alleged generally. *See* Rule 9(b) FRCP; *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994), *superseded by statute on other grounds*; *see also Arbco Capital Mgmt., LLP*, 498 B.R. at 40; *Saba Enters.*, 421 B.R. at 642. Plaintiffs are required "to allege facts that give rise to a strong inference of fraudulent intent." *Shields*, 25 F.3d at 1128. A strong inference of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id*. The Trustee may rely on the following badges of fraud in providing circumstantial evidence sufficient to establish fraudulent intent:

> (i) a close relationship among the parties to the transaction;
>
> (ii) a questionable or hasty transfer not in the ordinary course of business;
>
> (iii) the existence of an unconscionable discrepancy between the value of the property transferred and the consideration received therefor;
>
> (iv) the chronology of the events and transactions under inquiry;
>
> (v) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurrence of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and
>
> (vi) whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

*In re Lehman Bros. Holdings Inc.*, 469 B.R. 415, 447 (Bankr. S.D.N.Y. 2012) (citing *In re Kaiser*, 722 F.2d 1574, 1582–83 (2d Cir. 1983); *In re Enron Corp.*, 328 B.R. 58, 73-74 (Bankr. S.D.N.Y. 2005)); *see Saba Enters., Inc.,* 421 B.R. at 643-44 (holding that the existence of several badges of fraud constitutes clear and convincing evidence of actual intent); *see also Gordon v. Livecchi,* No. 11-2027-PRW, 2014 Bankr. LEXIS 4804, at *31-32 (Bankr. W.D.N.Y. Nov. 20, 2014).

9

When the plaintiff asserting a claim sounding in actual fraud is the bankruptcy trustee, the court should adopt "a more liberal view . . . since a 'trustee is an outsider to the transaction who must plead fraud from second-hand knowledge.'" *In re MarketXT Holdings Corp.*, 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007) (quoting *In re Park S. Secs. LLC*, 326 B.R. 505, 517-18 (Bankr. S.D.N.Y. 2005)); *see also Bernard L. Madoff Inv. Secs. LLC*, 454 B.R. at 329. This somewhat relaxed Rule 9 standard does not mean that the particularity requirement is altogether eliminated. *See Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir. 1987). The Second Circuit has stated that the degree of particularity should be determined in light of the circumstances of the case, such as the opportunity for discovery. *Id.*

The Court finds that the Trustee has alleged sufficient facts to plausibly state a claim for actual fraud, with sufficient particularity as required by Rule 9(b) FRCP. First, the Trustee has identified the one-third membership interest in IMV as the property transferred. Next, the Trustee specified the timing of the transfer. Finally, the Trustee identified the value of the asset transferred and the amount paid by IMV. And, the Trustee pointed to the presence of badges of fraud to demonstrate the element of intent. The Trustee has met the heightened pleading requirement of Rule 9(b) FRCP.

### 2. *Constructive Fraud*

In the second cause of action, the Trustee also pleads, in the alternative, a claim sounding in constructive fraud. As this Court has previously held, a claim for constructive fraud under § 548(a)(1)(B) need only meet the liberal pleading standard under Rule 8(a) FRCP. *In re Cornerstone Homes, Inc.*, 567 B.R. 37, 50-51 (Bankr. W.D.N.Y. 2017). To state a cause of action for constructive fraud the "plaintiff must allege facts showing that (i) the debtor had an interest in the property; (ii) a transfer of that interest occurred within the prescribed time period; (iii) the

10

debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (iv) the debtor received less than reasonably equivalent value in exchange for such transfer." *In re Verestar, Inc.*, 343 B.R. 444, 468 (Bankr. S.D.N.Y. 2006) (citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535 (1994)).

Here, the Trustee alleged facts showing the Debtor's interest in the IMV membership, the date of the transfer within two years of bankruptcy, the insolvency of the Debtor and SGMINA as a result of the transfer, and the lack of reasonably equivalent value paid in exchange for transfer of the one-third membership interest in IMV. (*See* ECF AP No. 1 ¶¶ 35-56). The Complaint alleges sufficient facts to support a cause of action under § 548(a)(1)(B) of the Code and meets the pleading requirement of Rule 8(a) FRCP.

Finally, the Trustee includes (perhaps unnecessarily) a third cause of action for attorneys' fees, including the costs and disbursements incurred in connection with the investigation and prosecution of this adversary proceeding. (*See* ECF AP No. 1 ¶¶ 98-99). Under New York Debtor and Creditor Law § 276-A, if successful in proving that a defendant participated in a transfer "with actual intent" to hinder, delay, or defraud creditors of the transferor, the plaintiff is permitted recovery of attorneys' fees and costs incurred in investigating and prosecuting the action. The Trustee's third cause of action simply states the remedy provided by New York Debtor and Creditor Law § 276-A, in a case where actual intent is proved. While pleading it as a separate cause of action may have been unnecessary, the cause of action survives the IMV defendants' motion to dismiss based on the facts alleged in the Complaint.

11

Case 2-21-02013-PRW, Doc 27, Filed 07/08/22, Entered 07/08/22 12:34:49, Description: Main Document , Page 11 of 12

## V.

## CONCLUSION

The motion of the IMV defendants seeking dismissal of the Complaint for failure to state a claim for which relief can be granted is **DENIED**. The IMV defendants are directed to file an answer to the Complaint within 21 days from the date of this decision.

**IT IS SO ORDERED.**

Dated: July 8, 2022  
    Rochester, New York

/s/  
HON. PAUL R. WARREN  
United States Bankruptcy Judge